| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| 2 | Andrew M. Paley (SBN 149699)<br>E-mail: apaley@seyfarth.com |
| 3 | 2029 Century Park East, Suite 3500<br>Los Angeles, CA 90067-3021 |
| 4 | Telephone: (310) 277-7200<br>Facsimile: (310) 201-5219 |
| 5 | SEYFARTH SHAW LLP |
| 6 | Brandon R. McKelvey (SBN 217002)<br>E-mail: bmckelvey@seyfarth.com |
| 7 | Timothy B. Nelson (SBN 235279)<br>E-mail: tnelson@seyfarth.com |
| 8 | 400 Capitol Mall, Suite 2350<br>Sacramento, California 95814-4428 |
| 9 | Telephone: (916) 448-0159<br>Facsimile: (916) 558-4839 |
| 10 | Attorneys for Defendants<br>PROSPECT MORTGAGE, LLC |
| 11 | |
| 12 | NICHOLS KASTER, LLP<br>Matthew C. Helland (SBN 250451) |
| 13 | E-mail: helland@nka.com<br>Adam W. Hansen (SBN 264241) |
| 14 | E-mail: hansen@nka.com<br>One Embarcadero Center, Suite 720 |
| 15 | San Francisco, CA 94111<br>Phone: 415-277-7235 |
| 16 | Fax: 415-277-7238 |
| 17 | Attorneys for Plaintiffs |

*Note Changes made By Court*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 20 | Osric Brown, Neil Davenport, Phil Duncan, Marcia Frater, Sherri Frost, Elva Johnson, Todd Kennedy, Jessi Presten, Pamela Roark, Debbie Thompson, Harry Timuryan, Diana Vergini, and Lee Ward, individually, and on behalf of the general public, | Case No. 2:13-cv-02850-DMG-CW |
| 21 | | **STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY** |
| 24 | Plaintiffs, | Complaint Filed: April 23, 2013 |
| 25 | v. | |
| 26 | Prospect Mortgage, LLC, | |
| 27 | Defendant. | |

1

In accordance with Federal Rule of Civil Procedure 26(c), and for good cause shown, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all information produced by the parties to this action during the course of discovery in this litigation, including document productions, interrogatory answers, responses to requests for admissions, depositions, and discovery materials otherwise produced or provided to the parties by non-parties pursuant to judicial procedures (collectively defined as "Litigation Materials").

2. In producing or disclosing Litigation Materials, any party may designate as "Confidential" any portion of any Litigation Materials that it believes, in good faith, constitutes or contains non-public, highly sensitive, private, confidential, trade secret information or proprietary information (collectively defined as "Confidential Materials").

3. In producing or disclosing Litigation Materials, any party may designate as "Highly Confidential Information – Attorneys' Eyes Only," any Litigation Materials that are particularly sensitive and constitute or contain non-public, highly sensitive, private, confidential, trade secret information or proprietary information (collectively defined as "Highly Confidential Materials").

4. All Confidential Materials and Highly Confidential Materials made available in the course of the litigation of this case shall be used solely for the purposes of preparing for and conducting the litigation of this case and for no other purpose whatsoever. No Confidential Materials or Highly Confidential Materials may be used or disseminated except in accordance with the terms of this Protective Order.

5. The parties may designate Litigation Materials as "Confidential" or "Highly Confidential Information-Attorneys' Eyes Only" at or before production or disclosure by (a) stamping or otherwise writing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on the Litigation

Materials or (b) by an alternative method acceptable to all parties. In the event that Litigation Materials that are not designated initially as confidential or highly confidential-attorneys' eyes only are later designated as such, they shall thereafter be treated as confidential or highly confidential-attorneys' eyes only Litigation Materials in accordance with this Protective Order.

6. Parties may designate depositions or other testimony as confidential or highly confidential-attorneys' eyes only by any one of the following means: (a) stating orally on the record that the information is confidential or highly confidential-attorneys' eyes only and the portions for which such designation is made, on the day that testimony is given; or (b) sending written notice designating information as confidential or highly confidential-attorneys' eyes only within fifteen days after receipt of a final transcript thereof. All information disclosed during a deposition shall be treated as if it were confidential unless and until the fifteen-day period set forth in this paragraph has expired without any written designation notice having been sent. Failure to designate depositions or other testimony as confidential or highly confidential-attorneys' eyes only within this fifteen-day period, however, does not preclude a party from doing so later in accordance with this order.

7. Litigation Materials designated "Confidential" and any copies thereof or information contained therein shall be maintained in confidence by the attorney of record to whom such Litigation Materials are produced or disclosed and such Litigation Materials and/or the information contained in such Litigation Materials shall be disclosed only to the following Qualified Persons:

(a) Parties to the litigation, including employees of parties to the extent deemed reasonably necessary by counsel for the party for assistance in prosecuting or defending this case;

(b) Counsel for the parties, including both outside counsel and in-house counsel for the parties;

  (c) Legal, paralegal, non-technical, and clerical staff employed by counsel for the parties for the preparation of and trial of this action who have been advised of this Order;

  (d) Private court reporters or notaries public engaged by the parties in their official capacities;

  (e) Persons appearing as deponents or witnesses on behalf of the party who has produced or disclosed the confidential Litigation Materials, or on whose behalf such confidential Litigation Materials have been produced or disclosed;

  (f) Independent third-party experts or consultants retained by the parties to furnish expert services or advice or to give expert testimony who have been advised of this Order and who are not employed by any competitors of Prospect Mortgage, LLC;

  (g) Former and current employees of defendant who do not fall into the categories above;

  (h) Any third-party mediator selected by the parties or appointed by the Court; and

  (i) The Court and court personnel.

  8. Litigation Materials designated "Highly Confidential-Attorneys' Eyes Only" and any copies thereof or information contained therein shall be maintained in confidence by the attorney of record to whom such Litigation Materials are produced or disclosed and such Litigation Materials and/or the information contained in such Litigation Materials shall be disclosed only to the following Qualified Persons:

  (a) Counsel for the parties, including both outside counsel and in-house counsel for the parties;

  (b) Legal, paralegal, non-technical, and clerical staff employed by counsel for the parties for the preparation of and trial of this action who have been advised of this Order;

(c) Private court reporters or notaries public engaged by the parties in their official capacities;

(d) Independent third-party experts or consultants retained by the parties to furnish expert services or advice or to give expert testimony who have been advised of this Order and who are not employed by any competitors of Prospect Mortgage, LLC;

(e) Any third-party mediator selected by the parties or appointed by the Court; and

(f) The Court and court personnel.

9. Before any person is given access to Confidential Materials pursuant to ¶7(a)-(d) or Highly Confidential Materials pursuant to ¶8(a)-(c), such person shall be specifically advised of the existence and requirements of this Protective Order. In addition, before any person is given access to Confidential Materials pursuant to ¶7 (e)-(h) or Highly Confidential Materials pursuant to ¶8(d)-(e), such person shall be provided with a copy of this Protective Order and shall sign Exhibit A attached to this Protective Order to demonstrate that person's agreement to be bound by its terms. Counsel of record shall maintain possession of an executed copy of this Protective Order and shall provide a copy of it to each Qualified Person executing the acknowledgment and agreement appended as Exhibit A. A copy of the acknowledgment and agreement to be bound by the terms of this Protective Order signed by each person falling within the terms of this Protective Order shall be made available to opposing counsel upon request. Nothing in this paragraph, however, shall require the disclosure of the identity of experts retained by the parties.

10. If Litigation Material designated confidential or quotations from or references to such materials are to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labeled "Confidential."

12. Any Confidential Material or Highly Confidential Material that is filed with or submitted to the Court shall be [submitted with a request to be] filed under seal. If any Confidential Information or Highly Confidential Material is submitted to the Court under seal, the party submitting the Confidential Information or Highly Confidential Material shall file a copy of the pleading containing the Confidential Information or Highly Confidential Information in redacted form. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

13. Nothing in this Protective Order shall prevent any party from disclosing its own confidential Litigation Materials as it deems appropriate and any such disclosure shall not be deemed a waiver of any kind whatsoever or a waiver of any other party's obligation under the Protective Order.

14. If a party to this Protective Order in possession of Litigation Materials receives a subpoena from a non-party seeking the production or other disclosure of Litigation Materials, whether or not such materials have been designated as confidential, that party shall immediately give written notice to counsel of record for the party who provided the Litigation Materials being sought, which such notice shall include a copy of the subpoena. Where possible, at least ten days' notice before production or other disclosure should be given. In no event shall production or disclosure be made before telephone notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the party to whom such notice has been given, at least ten business days, to take appropriate action, including seeking judicial relief.

15. By this Protective Order, the parties do not waive any rights to object to any discovery request, seek any further protective order, or seek relief from the Court from any provision of this Protective Order by application on notice on any grounds.

16.    This Protective Order shall not control the use of any evidence during the trial or any hearing of this case. However, nothing herein shall preclude either party from seeking the assistance of the Court in maintaining the confidential nature of any evidence that is presented at hearing or trial.

17.    The fact that discovery material is designated confidential or that such material is disclosed in this litigation shall not be construed in any other context or proceeding before any court, agency or tribunal as a waiver or admission that such information is or is not confidential or proprietary.

18.    This Protective Order shall not apply to any materials that are publicly available.

19.    The inadvertent production or disclosure of any Litigation Material in discovery or otherwise shall not effect a waiver of any privilege at law or in equity or any rights or obligations arising from or related to this Protective Order, provided the party making such production or disclosure acts promptly to notify the relevant parties or persons of the inadvertent production or disclosure and to remedy the inadvertent production or disclosure upon the discovery thereof.

20.    The parties may modify the provisions of this Protective Order at any time by stipulation approved by order of the Court, or, if no stipulation can be obtained, by motion.

21.    Upon final resolution of this matter, all Confidential Materials and Highly Confidential Materials will be returned to the producing party, or destroyed and certified as destroyed, at the option of the producing party, within forty-five days. Notwithstanding anything contained herein to the contrary, counsel for the Parties may retain copies of all transcripts and work product, including, but not limited to pleadings, briefs, correspondence and memoranda that are claimed to contain Confidential Information or Highly Confidential Information. Such materials shall remain subject to this Protective Order, which shall survive the termination date.

22. This Protective Order shall be binding upon the parties upon their signature hereto and by signing hereto each party agrees to comply with the terms of this Protective Order and to be bound thereby, even prior to the Court's entry of the proposed Protective Order based upon this stipulation, and even if the Court does not enter the proposed Protective Order based upon this stipulation. In the event that the Court does not enter the proposed Protective Order based upon this stipulation, the parties shall in good faith negotiate any terms that the Court finds objectionable.

23. This Court shall have continuing jurisdiction over this Order and its enforcement.

DATE: January 13, 2014

_Carla M. Woehrle_
United States ~~District Judge~~ Magistrate

AGREED TO:

NICHOLS KASTER, LLP

By: /s/ Matthew C. Helland
    Matthew C. Helland
    Adam W. Hansen
Attorneys for Plaintiffs

SEYFARTH SHAW LLP

By: /s/ Brandon R. McKelvey
    Andrew M. Paley
    Brandon R. McKelvey
    Timothy B. Nelson
Attorneys for Defendant

# EXHIBIT A
# ACKNOWLEDGMENT

1. I, the undersigned, hereby acknowledge that I have read the Order entered into in the United States District Court, Central District of California, in the action titled *Osric Brown et al. v. Prospect Mortgage, LLC*, Case Number 2:13-cv-02850-DMG-CW, governing confidential information disclosed in this action.

2. I understand the terms of the Order and agree to be bound by such terms.

3. I understand and agree that any documents, material or information designated or marked Confidential or Highly Confidential-Attorneys' Eyes Only shall only be used for purposes of this litigation.

4. I consent to personal jurisdiction within the State of California with respect to any proceeding commenced to enforce the Order, including proceedings relative to contempt of Court.

Executed this _____ day of _____, 2014, at _____ [city], _____ [state].

Print Name: _____

Address: _____

_____

Employer: _____